IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
Janet Collins } Case No. 3:15-bk-00433
927 Sugar Creek Circle }
Nashville, TN 37214 } Chapter 13
SSN: xxx-xx-0328 }
Debtor. }

## NOTICE OF AMENDMENT

COMES NOW the Debtor, by and through counsel, and would give notice of filing

of an Amended Chapter 13 Plan.

The amended plan is attached hereto.

APPROVED FOR ENTRY:

/s/ James A. Flexer
JAMES A. FLEXER, BPR #9447
Attorney for Debtor
176 2nd Avenue North, Suite 501
Nashville, TN 37201
(615) 255-2893
fax: (615) 242 8849
cm-ecf@jamesflexerconsumerlaw.com

Debtor  **JANET EVONNE COLLINS**
United States Bankruptcy Court for the   MIDDLE DISTRICT OF TENNESSEE   ☒ Check if this is an amended plan
[Bankruptcy district]

Case number:   3:15-bk-00433

Official Form 113
# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. **Boxes must be checked by debtor(s) if applicable.**

☒ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☒ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☒ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

Check one.
☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is **not** less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$205.00 per   **BI-WEEKLY**   for **60** months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☒ Debtor(s) will make payments pursuant to a payroll deduction order.

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

☒ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

| Debtor | **JANET EVONNE COLLINS** | Case number | |
|---|---|---|---|

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☒ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**25,899.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
☒ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*
☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **INLAND** | **$9,844.00** | **2008 DODGE AVENGER APPROX. MILEAGE: 90,000 OVER 910** | **$9,000.00** | **$0.00** | **$9,844.00** | **22.00%** | **$272.00** | **$16,307.15** |

*Insert additional claims as needed.*

**3.4 Lien avoidance**

*Check one.*
☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

***The remainder of this paragraph will be effective only if the applicable box on Part 1 of this plan is checked.***

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is

| Debtor | **JANET EVONNE COLLINS** | Case number | |
|---|---|---|---|

avoided will be treated as an unsecured claim in Part 5. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim | |
|---|---|---|---|---|
| **Name of Creditor** <br> **CREDIT CENTRAL** | a. Amount of lien | **$464.00** | **Amount of secured claim after avoidance** (line a minus line f) | |
| | b. Amount of all other liens | **$0.00** | | |
| | c. Value of claimed exemptions | **$464.00** | | |
| **Collateral** <br> **HHG** | d. Total of adding lines a, b, and c | **$928** | **Interest rate** (if applicable) _____ % | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | **-$464.00** | | |
| | f. Subtract line e from line d. | **$464.00** | **Monthly plan payment** | |
| | Extent of exemption impairment *(Check applicable box)* | | | |
| | ☒ **Line f is equal to or greater than line a.** <br> The entire lien is avoided (*Do not complete the next column*) | | **Estimated total payments on secured claim** | |
| | ☐ **Line f is less than line a.** <br> A portion of the lien is avoided. *(Complete the next column)* | | | |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **RIVERGATE SPORTS CAR** | **2000 CHEVROLET BLAZER** <br> **APPROX. MILEAGE: 150,000** <br> **OVER 910** |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$1,294.80**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **JANET EVONNE COLLINS** | Case number | |
|---|---|---|---|

The debtor estimates that the total amount of other priority claims to be $**1,500.00**

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4), but not less than the amount that would have been paid on such claim if the estate of the debtor were liquidated under chapter 7, see 11 U.S.C. § 1325(a)(4).

| Name of Creditor | Amount of claim to be paid |
|---|---|
| -NONE- | |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____
☒ __1__ % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| -NONE- | Disbursed by: Trustee Debtor(s) | | |

*Insert additional claims as needed.*

**5.4 Other separately classified nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

☒ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| HENDERSON COUNTY GENERAL SESSIONS | TRAFFIC TICKET 05-GT-11576 | $180.00 | 0 | $180.00 |

APPENDIX D  **Chapter 13 Plan**  Page 4

Debtor  **JANET EVONNE COLLINS**  Case number

*Insert additional claims as needed.*

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Order of Distribution of Trustee Payments |

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
   FILING FEE- 1
   NOTICE FEE- 2
   ATTORNEY FEE- 3
   SECURED CREDITOR VEHICLE- 4
   PRIORITY TAX DEBT- 5
   SPECIALLY CLASSIFIED UNSECURED - 6
   GENERAL UNSECURED- 7

| Part 8: | Vesting of Property of the Estate |

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

| Part 9: | Nonstandard Plan Provisions |

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

*Nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

**Amendment to Part 2:**

**Debtor will make regular payments to the trustee as follows:** $205 per BI-WEEKLY for 60 months, in the following manner:
   Debtor will make payments pursuant to a payroll deduction order issued to the Debtor's employer:
   CIGNA
   NEWQUEST, LLC
   1601 CHESTNUT STREET
   PHILADELPHIA, PA

**Amendment to Part 3.1:**

If the holder of a claim listed above files a Notice of Mortgage Payment Change under Rule 3002.1, FED. R. BANKR. P., the Trustee may adjust the postpetition regular payment listed above and payments into the plan in paragraph 2 in accordance with the creditor's notice upon filing a notice of payment adjustment and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The Trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is properly filed pursuant to Rule 3002.1, FED. R. BANKR. P., and as to which no objection is raised, at the same disbursement level as the arrearage claim listed above.

**Addition to Part 3.1:**

**Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5)**
Confirmation of this Plan imposes upon any claimholder treated under Part 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

**Amendment to Part 3.3**:

**Secured Claims Not Subject to § 506, Modified by Acceptance.** The claims listed below shall be paid only to the extent of the offer by the Debtor(s) unless the listed creditor timely objects to confirmation. **ACCEPTANCE OF THE PLAN WILL BE PRESUMED UNLESS THE AFFECTED CREDITOR TIMELY OBJECTS TO CONFIRMATION IN WRITING OR ORALLY AT THE MEETING OF CREDITORS.**

| Creditor Name | Collateral Description | Debtor Offers to Pay | Interest Rate | Monthly Payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| INLAND BANK | 2008 DODGE AVENGER | 9844 | 22 | 272 | 16320 |
|  |  |  |  |  |  |

**Amendment to Part 4:**

**Attorney's fees**
   The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**, to be paid as follows: 117 PER MONTH.
   The attorney was paid **$0.00** prior to the filing of this case.

**Priority claims other than attorney's fees and those treated in § 4.5.**
   The debtor(s) has Domestic Support Obligations which are current and will be paid directly by the debtor(s).

   The debtor(s) have other priority claims which will be paid as follows:

| Name of Creditor | Type of Priority | Estimated Amount of Creditor's total Claim | Plan treatment | Estimated total of payments |
|---|---|---|---|---|
| IRS | TAXES | 1500 | CLASS 5-PIF | 1500 |
|  |  |  |  |  |

**Amendment to Part 7.1:**

Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in paragraph 3 above.

| Debtor | **JANET EVONNE COLLINS** | Case number | |
|---|---|---|---|

**Part 10: Signatures:**

X **/s/ James A. Flexer**       Date **January 23, 2015**
    James A. Flexer 9447
**Signature of Attorney for Debtor(s)**

X **/s/ JANET EVONNE COLLINS**       Date **January 23, 2015**
    **JANET EVONNE COLLINS**

X _____       Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

| Debtor | **JANET EVONNE COLLINS** | Case number | |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total):* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total):* | **$17,507.15** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total):* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total):* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total):* | **$6,314.80** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1 total):* | **$1,767.05** |
| g. | **Interest on allowed unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Separately classified unsecured claims** *(Part 5, Section 5.4 total)* | **$0.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* + | **$0.00** |
| | **Total of lines a through j**................................................................................................................ | **$25,589.00** |

# CERTIFICATE OF SERVICE

      I hereby certify that on Friday, January 23, 2015 I furnished a true and correct copy of the foregoing to the following parties in interest:

<u>Electronic</u>
Henry Hildebrand, Chapter 13 Trustee
PO Box 340019
Nashville, TN  37203-0019

<u>Electronic</u>
Samuel Crocker, U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203

<u>U.S. mail first class</u>
Janet Collins
927 SUGAR CREEK CIRCLE
Nashville, TN 37214

<u>U.S. mail, first class, certified</u>
INLAND
Attn: Managing Officer
Dept 3403
PO Box 123403
Dallas TX 75312-3403

And to the attached creditors.  I have mailed out 50 notices.


                                        /s/ James A. Flexer
                                      James A. Flexer

Janet Collins
3:15-bk-00433
Creditors

**AARON'S RENT TO OWN**
5441 NOLENSVILLE PIKE
Nashville TN 37221

**ADVANCE FINANCIAL**
1901 CHURCH STREET
Nashville TN 37203

**AEL**
PO BOX 1000
DEPT 284
Memphis TN 38148

**AFNI**
PO BOX 3427
Bloomington IL 61702

**Afni, Inc.**
Attn: DP Recovery Support
PO Box 3427
Bloomington IL 61702

**ASSET ACCEPTANCE CORP**
PO BOX 2036
Warren MI 48090

**AUBORN L HAGER III ATTY**
C/O PAS
PO BOX 24850
Nashville TN 37202

**BAPTIST HOSPITAL**
PO BOX 501058
Saint Louis MO 63150

**BELL FAMILY**
527 NORTH MAPLE ST
Murfreesboro TN 37130

**BELLSOUTH TELECOMMUNICATIONS**
C/O JAMES GRUDUS, ESQ.
ONE AT&T WAY, ROOM 3A 218
Bedminster NJ 07921

**BENEFIT STRATEGIES**
PO BOX 3937
Manchester NH 03105

**CAPITAL RECOVERY SYSTEMS**
750 CROSS POINTE ROAD
Columbus OH 43230

**CAREMARK**
PO BOX 840688
Dallas TX 75284

**CHECKCARE**
PO BOX 10749
Murfreesboro TN 37129

**Credit Bureau Of N Ame**
201 Skyline Dr
Dickson TN 37055

**CREDIT CENTRAL**
ATTN MANAGING OFFICER
1019 Gallatin Pike South
Madison TN 37115

**CREDIT COLLECTION**
TWO WELLS AVE
DEPT 9134
Newton Center MA 02459

**Enhanced Recovery Corp**
8014 Bayberry Rd
Jacksonville FL 32256

**FIFTH THIRD BANK**
BANKRUPTCY DEPARTMENT
1850 EAST PARIS AVE SE
Grand Rapids MI 49546-6210

**Fox Collection Center**
456 Moss Trl
Goodlettsville TN 37072

**FREEMAN WEBB COMPANY**
3810 BEDFORD AVE
Nashville TN 37215

**HALL & SITLER**
223 Madison St
SUITE 212
Madison TN 37115

**HARPETH FINANCIAL**
1901 CHURCH STREET
Nashville TN 37203

**HENDERSON COUNTY GENERAL SESSIONS**
170 JUSTICE CENTER DRIVE, SUITE B
Lexington TN 38351

**IRS**
MDP 146
801 BROADWAY
Nashville TN 37203

**IRS**
CENTRALIZED INSOLVENCY OFFICE
PO BOX 7346
Philadelphia PA 19101-7346

**LEXINGTON MEDICAL CENTER**
PO BOX 100273
Columbia SC 29202

**Lvnv Funding Llc**
Po Box 740281
Houston TX 77274

**NAFS**
165 LAWRENCE BELL DR, SUITE 100
PO BOX 9027
Buffalo NY 14231

**NASHVILLE ADJUSTMENT BUREAU**
PO BOX 198988
Nashville TN 37219

**NCO**
PO Box 790113
St. Louis MO 63149

**Nco Financial Systems**
507 Prudential Rd
Horsham PA 19044

**Nco/inovision-medclr**
Attn: Bankruptcy
507 Prudential Rd
Horsham PA 19044

**NEIGHBORHOOD TITLE LOANS**
188 S LOWRY ST
Smyrna TN 37167

**Payment Amer**
Pob 24850
Nashville TN 37202

**PAYMENT AMERICA**
PO BOX 24850
Nashville TN 37202

**QUEST DIAGNOSTICS**
PO BOX 41652
Philadelphia PA 19101

**RADIOLOGY ALLIANCE**
DEPT 14510
PO BOX 1259
Oaks PA 19456

**REVENUE RECOVERY**
6207 SUMMER AVE
PO BOX 341308
Memphis TN 38184

**RISHI SAXENA, MD**
1127 DOW ST
Murfreesboro TN 37130

**RIVERGATE SPORTS CAR**
1431 Gallatin Pike North
Madison TN 37115

**Robinson Reagan & Young**
260 Cumberland Bnd
Nashville TN 37228

**SOUTHERN HILLS HOSPITALS**
391 WALLACE RD.
Nashville TN 37211

**Stellar Recovery Inc**

4500 Salisbury Rd Ste 10

Jacksonville FL 32216

**T MOBILE**

PO BOX 742596

Cincinnati OH 45274

**Us Dept Of Education**

Po Box 5609

Greenville TX 75403

**Us Dept Of Education**

Attn: Borrowers Service Dept

PO Box 5609

Greenville TX 75403

**WHISPERING OAKS APTS**

100 Tanglewood Court

Nashville TN 37211